NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JEREMIAH BOBB, Defendant - Appellant. | No. 23-3748 D.C. No. 1:21-cr-02005-MKD-1 MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted March 28, 2025**
Seattle, Washington

Before: McKEOWN, GOULD, and OWENS, Circuit Judges.

Following a four-day trial featuring testimony from multiple minor victims,

a jury convicted Jeremiah Bobb of one count of sexual abuse of a minor in

violation of 18 U.S.C. §§ 1153, 2243(a), and one count of aggravated sexual abuse

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of a child in violation of 18 U.S.C. §§ 1153, 2241(c). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly denied Bobb's motion to strike a juror for cause. That juror, a sexual assault survivor, was not actually biased. While she acknowledged the possibility of an emotional trigger, she "commit[ted] to lay aside [any] feelings and reach a verdict based on the evidence presented and the court's instructions." *United States v. Kechedzian*, 902 F.3d 1023, 1027 (9th Cir. 2018) (citation omitted). Nor is this an "extreme" or "extraordinary" case warranting a presumption of bias. *United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009) (citation omitted). No categorical presumption exists for sexual assault survivors. *See, e.g.*, *United States v. Miguel*, 111 F.3d 666, 673 (9th Cir. 1997) (in child sex abuse case, district court did not abuse discretion by declining to excuse jurors who were victims of child molestation). And this juror's experiences did not "resemble[] the fact pattern." *United States v. Gonzalez*, 214 F.3d 1109, 1114 (9th Cir. 2000). She was not personally affected, directly or indirectly, by Bobb's crimes; she was not a child at the time of the assaults, which occurred over twenty years before her jury service; she did not know any child sexual assault victims; and there are no details suggesting the assaults were factually similar to the ones Bobb committed.

2. We reject Bobb's sufficiency-of-the-evidence challenge to his conviction for aggravated sexual abuse of a child. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that Bobb's conduct satisfied 18 U.S.C. § 2241(c)'s "sexual act" element based on Minor 2's testimony that (1) she saw Bobb sexually assault Minor 1 "by putting his private part in hers," and (2) Bobb did "something like that" to her. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (sufficiency standard); 18 U.S.C. § 2246(2)(D) (defining a "sexual act" as "the intentional touching, not through the clothing, of the genitalia of another person . . . with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person").

3. Bobb's trial counsel did not render ineffective assistance. We need not reach the issue of prejudice because counsel's actions were within "the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Bobb challenges counsel's decision not to call an FBI agent or recall Minor 2 to elicit testimony that Minor 2 had previously disclosed abuse by other individuals but not Bobb. Counsel did so after learning the court would admit such testimony but allow the Government to introduce prior consistent statements, including Minor 2 describing Bobb "[p]utting hits [*sic*] private part in [hers]" after he pulled down her pants and underwear. Such "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually

23-3748

unchallengeable." *Wharton v. Chappell*, 765 F.3d 953, 967 (9th Cir. 2014)

(quoting *Strickland*, 466 U.S. at 690).

      **AFFIRMED**.